UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,                     CASE NO. 21-CR-20277-DMM-1

    Plaintiff,

vs.

FREDY DONALDO MARMOL VALLEJO,

    Defendant,
_____/

### DEFENDANT, FREDY DONALDO MARMOL VALLEJO'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

**COMES NOW** the Defendant, **FREDY DONALDO MARMOL VALLEJO**, by and through his undersigned counsel, and presents herewith, his Objections to the Presentence Investigation Report ("PSI") [D.E. 53], and states as follows:

1. **Objection to Paragraph 17: "Role Assessment"**

The Defendant objects to paragraph 17 of the PSI insofar as it states that, "According to the government, Mármol Vallejo was the *leader* of the drug trafficking organization. Because Mármol Vallejo was an *organizer or a leader* in a criminal activity that involved five or more participants or was otherwise extensive, a four-level aggravating role adjustment is recommended for him, pursuant to §3B1.1(a)." (Emphasis supplied.)

As noted in the plea agreement, the Defendant's position is that his role in the offense was more of a *manager or supervisor*, rather than as an organizer or leader of a criminal, so a three (3) level increase would be a more appropriate role enhancement as provided in U.S.S.G. §3B1.1(b), rather than a four (4) level increase provided for in U.S.S.G. §3B1.1(a). It is submitted that this would more accurately reflect his relative role in the offense conduct.

First, it should be noted that the Plea Agreement executed by the parties states, although not binding upon the Probation Office or the Court, that they "will jointly recommend that the Court make the following finding(s) and conclusion(s) as to the sentence to be imposed and that no other enhancements other than the following apply: … (b) Role in the offense: A 2, 3, or 4 level role enhancement for leader/organizer or manager/supervisor is applicable." Therefore, the Defendant's suggestion that a three (3) level increase would be a more appropriate role enhancement is in accord with the understanding of the parties as reflected in the Plea Agreement.

Among the factors a sentencing court should consider when weighing an aggravating role enhancement are: the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. *U.S. Sentencing Guidelines Manual § 3B1.1, cmt., application n. 4.* In this context, Mr. Marmol Vallejo more closely fits within the description of a manager/supervisor in the overall criminal conduct.

It is conceded that "[t]he line between being an organizer or leader, on the one hand, and a manager or supervisor, on the other, is not always clear . . . ." *United States v. Bahena*, 223 F.3d 797, 804 (8th Cir. 2000) (*citing United States v. Delpit*, 94 F.3d 1134, 1155 (8th Cir. 1996)). Nonetheless, it is clear that the difference between organizers and leaders, and managers and supervisors, turns on the defendant's degree of responsibility in the criminal activity. *See* USSG §3B1.1, comment. (*backg'd*). *See also United States v. Herrera*, 878 F.2d 997, 1000 (7th Cir. 1989).

In light of the ultimate intent of the Sentencing Commission to ascribe relative responsibility and punish accordingly, it is respectfully submitted that Mr. Marmol Vallejo should receive a three (3) level role enhancement, rather than a four (4) level enhancement.

2. **Objection to Paragraph 26: "Adjustment for Role in the Offense"**

The Defendant objects to paragraph 26 of the PSI insofar as it states that, "The defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, the offense level is increased by four levels, §3B1.1(a)."

With regard to this objection, the Defendant reasserts, realleges, and incorporates by reference, the argument contained within the objection to paragraph 17 above as if set forth fully herein.

Again, the Defendant agrees that his role in the offense was that of a *manager or supervisor*, rather than as an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, and that a three (3) level increase would be the appropriate role enhancement as provided in U.S.S.G. §3B1.1(b), not a four (4) level increase provided for in U.S.S.G. §3B1.1(a).

3. **Objection to Paragraph 28: "Adjusted Offense Level"**

The Defendant objects to Paragraph 28 of the PSI with regard to the assertion that the *adjusted offense level* should be 42.

Specifically, when three (3) levels are applied as the aggravating role enhancement as provided in U.S.S.G. §3B1.1(b), rather than four (4) levels under U.S.S.G. §3B1.1(a), the result would be an *adjusted offense level* of 41, rather than 42.

4. **Objection to Paragraph 32: "Total Offense Level"**

The Defendant objects to Paragraph 32 of the PSI with regard to the assertion that the *total offense level* should be 39.

Specifically, when three (3) levels are applied as the aggravating role enhancement as provided in U.S.S.G. §3B1.1(b), rather than four (4) levels under U.S.S.G. §3B1.1(a), and a three (3) level decrease for acceptance of responsibility is applied, the result would be a *total offense level* of 38, rather than 39.

5. **Objection to Paragraph 69: "Sent. Options - Guideline Provisions"**

The Defendant objects to Paragraph 69 of the PSI inasmuch as it reads, "Based upon a total offense level of 39 and a criminal history category of I, the guideline imprisonment range is 262 to 327 months."

The Defendant affirmatively asserts that when three (3) levels are applied as the aggravating role enhancement as provided in U.S.S.G. §3B1.1(b), rather than four (4) levels under U.S.S.G. §3B1.1(a), and a three (3) level decrease for acceptance of responsibility is applied, the result would be a *total offense level* of 38. Therefore, the appropriate advisory guidelines sentence range should read as follows: Based on a total offense level of 38 and a criminal history category of I, the *advisory guideline imprisonment range* is **235 to 293 months** before the application of any applicable downward departures and/or variances that this Honorable Court may deem appropriate.

**WHEREFORE**, the Defendant, **FREDY DONALDO MARMOL VALLEJO**, respectfully prays that this Honorable Court sustain the within objections to the Presentence Investigation Report and direct the United States Probation Office to amend the Presentence Investigation Report as requested herein.

   Respectfully submitted,

 ANA M. DAVIDE
(Florida Bar No. 875996)
ANA M. DAVIDE, P.A.
420 South Dixie Highway, Suite 4B
Coral Gables, Florida 33146
Telephone: (305)854-6100
 Fax: (305) 854-6197
E-mail: ana@anadavidelaw.com
 (Counsel for Defendant,
 *Fredy Donaldo Marmol Vallejo.*)

*/s/ Ana M. Davide*
 Ana M. Davide, Esq.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 23rd day of March, 2022. I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

 ANA M. DAVIDE
(Florida Bar No. 875996)
ANA M. DAVIDE, P.A.
420 South Dixie Highway, Suite 4B
Coral Gables, Florida 33146
Telephone: (305)854-6100
 Fax: (305) 854-6197
E-mail: ana@anadavidelaw.com
 (Counsel for Defendant,
 *Fredy Donaldo Marmol Vallejo.*)

*/s/ Ana M. Davide*
 Ana M. Davide, Esq.

5

## **SERVICE LIST**

**United States of America v. Fredy Donaldo Marmol Vallejo**
**Case No. CASE NO. 21-CR-20277-DMM-1**
**United States District Court, Southern District of Florida**

Christine Hernandez, A.U.S.A.
United States Attorney's Office
99 NE 4th Street
Miami, Florida 33142
Telephone: (305) 961-9407
Email: christine.hernandez@usdoj.gov

Joshua Paster, A.U.S.A.
United States Attorney's Office
99 NE 4th Street
Miami, Florida 33142
Telephone: (305) 961-9342
Email: joshua.paster@usdoj.gov

Ana Brzica
U.S. Probation Officer
Wilkie D. Ferguson, Jr. United States Courthouse
400 North Miami Avenue, 9th Floor South
Miami, FL 33128
Telephone: (305) 523-5361
E-mail: ana_brzica@flsp.uscourts.gov